WILLOUGHBY WESTON, as Trustee, etc., of WILLIAM. G. BREESE, Deceased, Appellant, *v.* CORNELIA P. GOODRICH and Others, Respondents; CHARLES A. SANDS and Others, Appellants.

*Will — when a remainder goes to the next of kin as of the time of the testator's death and not as of the time of distribution.*

William G. Breese devised one-third of his residuary estate to his wife absolutely, and the other two-thirds to trustees for the use of his daughter Cornelia during her life, and, in case his daughter died without issue, for the use of his wife if she survived the daughter; providing that if his daughter should attain the age of thirty years, there should be paid over to her so much of the trust fund as should exceed the sum of $50,000, and that the trust should cease as to this excess.

He further provided that so much of his estate as should be held in trust before and at the decease of his daughter, without leaving lawful issue her surviving at the time of her death, if his said daughter should have survived his wife, should, upon the death of his daughter, descend to his relatives "who would

be entitled to his personal property, under the Statute of Distributions of the State of New York, in case of his dying intestate without leaving a widow or any child or any representative of a child."

*Held,* that it was the intention of the testator that, in the event of the death of his wife before his daughter and upon the latter's death without issue, the trust estate should pass to those persons who would constitute his next of kin at the time of his death, and who would have taken if his wife had died and his daughter had died without issue during his lifetime.

WILLIAMS and O'BRIEN, JJ., dissented.

APPEAL by the plaintiff, Willoughby Weston, as trustee, etc., of William G. Breese, deceased, and by the defendants, Charles A. Sands and others, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 6th day of December, 1895, upon the decision of the court rendered after a trial at the New York Special Term, and also from a final judgment entered in said clerk's office on the 25th day of April, 1896, upon the report of a referee.

*Frederick Seymour* and *Henry C. Johnson,* for the plaintiff, appellant.

*Joseph P. Osborne,* for the appellant Sands individually and as administrator.

*Harry Van Ness Philip,* for the guardian *ad litem,* appellant.

*Stanley W. Dexter* and *Richmond Aulick,* for the respondents.

VAN BRUNT, P. J. :

This action involved the construction of the will of William G. Breese, who died in 1861, and whose will was probated in New York county on the 2d of July, 1861.

The question presented upon this appeal is as to whether the next of kin referred to in the will were those who were the next of kin of the testator at the time of his decease, or those who were such next of kin at the time of the termination of the particular estate created by the will. The rule undoubtedly is that where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is

directed to be made. And this rule must prevail unless a contrary intention can be found in the will under consideration.

The testator by his will, after making some bequests to his half sisters and directing the payment of his debts, devised and bequeathed to his wife absolutely one-third part of all the rest and residue of his estate. He further devised two-thirds of such rest and residue to his trustees and the survivor of them in trust, to hold and retain the whole of the same for the use of his daughter, Cornelia Frances Breese, during her natural life, and after her death, if she should die without leaving issue her surviving at the time of her death, and leaving his wife her surviving, for the use of his wife for her life.

The testator further provided that if his said daughter should attain the age of thirty years, that thereupon so much of said two-thirds of his estate to be held in trust as aforesaid as should exceed the sum or value of $50,000 should go and be paid and transferred to his said daughter absolutely for her own sole and separate use and benefit, and upon her sole and separate receipt, and should be subject to her disposal by will or appointment in the nature of a will or otherwise, and that thereupon the said trust as to so much of said two-thirds of his estate as was directed to go and be transferred and paid to his daughter, should cease and be determined.

The will then provided that in case the daughter should leave lawful issue her surviving at the time of her death, so much of his estate as should be held under the provisions of his will in trust on the death of his daughter should thereupon go and descend to the issue of his daughter in the same manner as would the personal estate of his daughter according to law in case of her dying intestate. But if, on the death of his said daughter, she should not leave lawful issue her surviving, and should leave his wife Adeline her surviving, then the testator provided that the interest and income thereof should be applied to the use of or be paid to his wife for her use during her life.

The testator further provided that so much of his estate as should be held in trust under the provisions of the will before and at the decease of his daughter without leaving lawful issue her surviving at the time of her death, if his said daughter should have survived his wife, should, upon the death of his daughter, go and descend to

his relatives who would be entitled to his personal property under the Statute of Distributions of the State of New York in case of his dying intestate without leaving a widow or any child or any representative of a child; and, further, that if his daughter should have died without leaving lawful issue her surviving at the time of her death, and she should have left his wife her surviving, then so much of his estate as should be held in trust under the provisions of the will before and at the death of his wife should, upon the death of his said wife, go and descend to his relatives who would take his personal estate according to the provisions of the Statute of Distributions of the State of New York in case he had died intestate without leaving a widow or any child or any representative of a child.

The testator's widow died in the year 1880, during the lifetime of the testator's daughter, who died on the 1st of April, 1894, leaving no descendants, no child or children, or the issue of any child or children.

As already stated, the question involved is whether by the provisions of the will providing for the distribution of his estate upon the death of his daughter without issue, his wife being already dead, the testator meant that the estate should be distributed among those persons who were then his next of kin, or whether his next of kin living at the time of his death were intended to be his beneficiaries.

And, as above mentioned, the rule seems to be, that where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made, unless there is something in the will which shows a different intention upon the part of the testator.

When we consider the language of this will, it seems to us that it is clear that the persons whom the testator had in mind as his next of kin, and who were made beneficiaries under his will upon the death of his wife and the death of his daughter without issue, were those persons who would be his next of kin upon his death.

It is true that the enjoyment in possession of the trust fund which is provided for in the will relates to the time of the termination of the intermediate estates. The testator says that, upon the termination of his intermediate estates, the portion of his property held in trust should go and descend to his relatives who would be entitled

to his personal property under the Statute of Distributions. The will further says that the class who are to take are his relatives who would be entitled to his personal property under the Statute of Distributions of the State of New York in case of his dying intestate without leaving a widow or any child, or any representative of a child, showing clearly that he had in mind a class which would be in existence at the time of his death, and not a class which would be in existence at the death of his child, his wife being already deceased.

It cannot be imagined that the testator would exclude persons from a class which he knew must be out of existence before the class could be determined. If the contention of the respondents is correct, the class could only be formed after the death of the widow and the child; and, if this was the class which the testator had in mind, why should he exclude them in his designation of the class?

It seems to be apparent, when we take this into consideration, that he had in mind the class which would exist at the time of his death, which would have been his wife and daughter; and that he thought it necessary to exclude them as the class which he mentioned, because, without such exclusion, they themselves would form the class, which was not his intention. His intention was that this estate should go to those persons who would have been his next of kin if he had died unmarried and childless. In other words, that the persons who were to take were those who would have taken if his wife had died and his daughter had died without issue during his lifetime. In order to prevent the estate from vesting in those who, under the Statute of Distributions, would have been his next of kin at his death, he excludes them and says the trust property should go and descend to his relatives who would be entitled to his personal property under the Statute of Distributions in case of his dying intestate without leaving a widow or any child, or any representative of a child; and, furthermore, the contingency which he mentioned, as establishing the class referred to, what would have been the case upon his death intestate, and evidently contemplated the condition of affairs which would exist at the time of his death, excluding certain persons from consideration. It is the class which would exist at the time of his death, provided he left him surviving no wife, child or descendant of a child. Those are the persons whom he had in mind and

intended to be the beneficiaries under his will; and those persons took a vested interest, and the vesting was not suspended until the period of distribution, but only the right of enjoyment was postponed. This construction also brings the case in harmony with the rule which requires the vesting of estates if the intention of the testator will permit. And, having regard to his language and to the class which he evidently had in mind, it seems to be reasonably clear that he was considering a class of which he had knowledge and not one which was to spring up in the dim future.

We are of opinion, therefore, that the construction placed upon the will by the learned court below was erroneous, and that the judgment should be reversed and a judgment entered in accordance with the views expressed in this opinion, with costs to plaintiff and defendants appellants to be paid out of the estate.

PATTERSON and INGRAHAM, JJ., concurred; WILLIAMS and O'BRIEN, JJ., dissented.

O'BRIEN, J. (dissenting):

I dissent. In *The Matter of Baer* (147 N. Y. 353) the general rule is thus stated: " Where final division and distribution is to be made among a class, the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. * * * In such cases the gift is contingent upon survivorship, and, if it vests at all before the date of distribution, it is subject to be divested by the death before that time of a person presumptively entitled to share in the distribution. While this rule is sometimes made to yield to indications of a contrary intent in the will, yet it may be said to be a general rule."

The question presented, therefore, is whether, considering the language of the will, there was anything to indicate a contrary intention upon the part of the testator so as to prevent the application of this general rule. It is conceded by the presiding justice in his opinion that " the enjoyment in possession of the trust fund which is provided for in the will relates to the time of the termination of the intermediate estates," and that were it not for indications of a contrary intent, this would leave the construction to be governed by the general rule. He bases, however, a contrary

intent upon the language in the will referring to the class who are to take as relatives " who would be entitled to his personal property under the Statute of Distributions of the State of New York in case of his dying intestate without leaving a widow or any child or any representative of a child ; " and from this it is argued that the testator " had in mind a class which would be in existence at the time of his death, and not a class which would be in existence at the death of his child, his wife being already deceased." It seems to me that neither this nor the other language employed by the testator is open to such a construction. Thus, with respect to the phrase quoted, this was merely intended as an expression of the legal effect of the statute, and was not intended to identify the class of persons who were to take. If any special significance is to be ascribed to these words, it was to emphasize his intention to exclude from all participation in this fund any one deriving interest through his wife and daughter.

In *Delaney* v. *McCormack* (88 N. Y. 174) the testator devised all his real estate to his son James for life, and if he married and had issue, then in fee; and provided further that if James died without lawful issue, the executors should " sell all my real estate and to distribute the proceeds thereof amongst my next of kin as personal estate according to the laws of the State of New York for the distribution of intestate personal estate." James having died without issue, the question there, as here, was as to which set of claimants was entitled to the legacies, it being there urged, as here, that the next of kin of the testator, at his death, took vested interests in a legacy payable in the future. As therein said : " But there is no gift to the next of kin, and no language importing such gift, except in the direction to convert the real estate into money and then make distribution, and in such case the rule is settled that time is annexed to the substance of the gift and the vesting is postponed. Much more is that true where the gift is only to vest upon the happening of a future contingency, until the occurrence of which it is uncertain whether a gift will be made at all. * * * Here a future condition or contingency attached to the substance of the gift. It was conditioned upon the death of James without having had lawful issue, so that the vesting was plainly postponed and the gift was future. There is the further and important fact that at the death of James

the land was to be converted into personalty and be distributed as such, and the very subject of the gift was not to come into existence until the prescribed contingency."

Here also it appears that the gift in the present amount did not come into existence until the testator's daughter had attained the age of thirty years. It is not to be severed from the testator's general estate immediately upon his death, but comes into existence only in the event of the daughter's attaining the age of thirty years. The fund, moreover, was to remain vested in the trustee during the lives of the testator's wife and daughter. If the latter left issue, it would be distributable to such issue. Only in case she died without issue would it be distributable to the testator's relatives. But the relatives could not be ascertained until both wife and daughter were deceased. If the daughter, without issue, predeceased her mother, the trust would continue for the latter's life, and upon her death the individuals constituting the class would be determined. If the daughter survived her mother, and died without issue (as happened), the individual relatives would be determined on the daughter's death.

I think, therefore, that as both the substance of the gift and the individual legatees were contingent, it cannot be held that the relatives living at the death of the testator took either a vested or any interest at that time in the legacy. My conclusion is that the fair construction of this will is, that the "relatives" therein mentioned are those answering to the description of next of kin of the testator at the termination of the life estate. Such a construction upholds the general rule, which, if it is to be of any value, should not be disregarded, or its force destroyed, by assuming a contrary intention upon the part of the testator, when, as in this case, by the language of the will such intention is neither clearly expressed nor fairly to be implied.

I agree, therefore, with the learned judge at Special Term, and think that the judgment should be affirmed.

WILLIAMS, J., concurred.

Judgment reversed and judgment entered in accordance with opinion, with costs to plaintiff and defendants appellants, to be paid out of the estate.