York & Texas Steamship Company. No opinion. Motion denied. See 42 N. Y. Supp. 29, 1134.

TYLER, Appellant, v. GENEVA PRESERVING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by George M. D. Tyler against the Geneva Preserving Company. No opinion. Judgment affirmed, with costs.

In re UNITED STATES PIPE-LINE CO. (Supreme Court, Appellate Division, First Department. February 19, 1897.) No opinion. Motion denied. See 44 N. Y. Supp. 713.

VAN ORDEN, Respondent, v. VAN ORDEN, Appellant. (Supreme Court, Appellate Division, First Department. October 16, 1896.) Action by Margaret J. Van Orden against John M. Van Orden. T. A. Atchison, for appellant. G. Hahn, for respondent. No opinion. Order affirmed so far as it awards $250 counsel fee and $52 a month alimony from the commencement of this action, and in all other respects reversed, without costs.

VILLAGE OF TONAWANDA, Respondent, v. KOENIG, Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by the village of Tonawanda against Henry J. Koenig. No opinion. Judgment affirmed, with costs.

WALKER, Appellant, v. PRENTICE, Respondent. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by La Vergne A. Walker, as administrator, etc., against William A. Prentice. No opinion. Judgment affirmed, with costs.

WEEKS, Appellant, v. STATE, Respondent. (Supreme Court, Appellate Division, Third Department. March 12, 1897.) Action by Forest G. Weeks against the state of New York. No opinion. Award reversed and new trial granted, costs to abide the event. See 43 N. Y. Supp. 1167.

WEIR, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Alice Weir against the New York Central & Hudson River Railroad Company. No opinion. Order affirmed, with costs.

WESTON v. GOODRICH et al. (Supreme Court, Appellate Division, First Department. March 19, 1897.) Action by Willoughby Weston, as trustee, against Cornelia P. Goodrich and others. No opinion. Motion granted. See 42 N. Y. Supp. 729.

WHITE, Plaintiff, v. DUNNE et al., Defendants. (Supreme Court, Appellate Division, Second Department. April 13, 1897.) Action by Maria N. White against Henry E. Dunne and Richard E. Dunne. No opinion. Order affirmed, with $10 costs and disbursements.

WHITESIDE, Respondent, v. CONNOLLY, Appellant. (City Court of New York, General Term. April 1, 1897.) Action by James Whiteside against Charles E. Connolly. James P. Campbell, for appellant. Hudspeth & Collier, for respondent.

CONLAN, J. This is an appeal from a judgment entered on a verdict of a jury, and from an order denying a motion for a new trial. The action was commenced to recover the sum of $500 paid by the plaintiff, as guarantor of a lease made by one Julia E. Eldert, to the defendant. The words of the said guaranty were as follows: "In consideration of the above letting, and the cancellation of the lease now held by me, I hereby guaranty, and, in case default is made therein, hereby agree to pay, the rent reserved herein for six months and two days, up to and including January 11, 1897." The answer denies any knowledge as to the payment of the rent by the plaintiff, and alleges that the plaintiff, who was the former lessee of the premises, made certain fraudulent representations as to the number of persons whom he had booked for the season,—the premises being a summer hotel. There was no direct evidence that the defendant asked the plaintiff to become surety on the lease, but there was evidence that Mrs. Elbers refused to execute the lease unless plaintiff signed as surety, and the plaintiff did so sign in the presence of the defendant. This is denied by the defendant, who testified at folio 113 that the guaranty was not on the lease when executed and delivered to him. The question, therefore, as to whether the guaranty was signed by the plaintiff after the lease was executed, and without the knowledge of the defendant, or in his presence, and with his sanction and approval, before delivery, was for the jury. The question at folio 70 relating to what might or what might not be made from the business was properly excluded as too indefinite and uncertain. The witness could not give his naked opinion, without a single fact upon which it was predicated. The case presents only questions of fact, and, they having been passed upon by the jury under a fair charge, we think the judgment should be affirmed. Judgment is therefore affirmed, with costs.

WHITNEY, Respondent, v. METROPOLITAN MARBLE CO., Appellant. (Supreme Court, Appellate Division, Third Department. December, 1896.) Action by Philemon R. Whitney against the Metropolitan Marble Company. No opinion. Order affirmed, with $10 costs and disbursements.

WILLIAMSON et al., Respondents, v. CHAPIN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Charles Williamson and Mary Williamson against William W. Chapin and John F. Dorthy. No opinion. Judgment affirmed, with costs against the appellants.

WILLIS et al., Respondents, v. FALL BROOK COAL CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Clarence Willis and