Susan Ogsbury, as Executrix, etc., Respondent, *v.* John D. L. Ogsbury, Appellant.

The will of O. contained a direction to the executrix to sell the testator's real estate within five years of his decease for the purpose of paying debts and legacies. By a subsequent clause she was authorized to sell in lots or parcels, or altogether, in her discretion. The rents and profits of the land were given to her in her individual right so long as it remained unsold. In this action, brought by the executrix, as such, the complaint set out the will, and the power of sale contained therein, described the land in dispute, and averred that the executrix had commenced negotiations for a sale of a parcel of the land, which was described, to one S.; that defendant was despoiling this parcel of its timber in spite of notice to discontinue, claiming that the testator, his father, had agreed to give him the land; that he was dissatisfied with the will and trying to intimidate S. and prevent a sale and embarrass plaintiff in performing her duty as executrix. An injunction was asked to restrain defendant's interference with the land, and treble damages for the injury done was demanded. The action came on for trial at a circuit and Special Term before a jury. Treble damages were waived, and the jury were directed to find for plaintiff a specific amount as damages. No question was raised by either party as to the mode of trial, *Held*, that there was no equitable conversion by the will of the land into personalty at the death, as plaintiff was entitled to possession and the rents and profits until a sale; but that the action should be regarded, not as one for trespass, but as one in equity, to quiet the title and settle the right of the executrix to sell the land and to remove an obstruction to the performance of her duty; and that as such it was maintainable by plaintiff as executrix.

Proof must be definite and certain to establish a parol gift of land which will serve as a basis for that equitable relief or protection which dispenses with a writing and disregards the statute of frauds.

Where possession and the making of improvements are relied upon to sustain such a gift of land, possession must be clear and definite, such

as would characterize the action of an owner and be inconsistent with the hypothesis of a mere license, and the improvements must be permanent, not of a temporary character, such as would naturally be erected by a tenant or licensee.

Equity dispenses with a writing only when definite and unequivocal facts exist which point with certainty to a prior parol agreement of gift or sale, and serve to indicate its existence, and so may be taken as a substitute for the usual written evidence.

Under a claim that the land in question had been devised to him by his father, defendant proved that, in 1866, he married and moved on to a forty-acre piece of his father's farm, repaired an old house for his occupation, erected a barn and other outbuildings thereon. The testator gave him a quit-claim deed in 1880, accurately describing and bounding the forty acres. The testator's will contained a devise to defendant for life, and to his heirs-at-law after his decease, of lands described as follows: " All that piece of land that he has a quit-claim deed of from me, and that he now occupies; also a strip of land five chains wide," etc. Defendant claimed that the phrase, "and that he now occupies," covered a second piece, in addition to the one quit-claimed, and so covered the land in dispute. *Held*, untenable.

(Argued June 11, 1889; decided October 8, 1889.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 17, 1888, which affirmed a judgment entered upon·a verdict in favor of plaintiff, directed by the court on trial at circuit.

The nature of the action and the facts are sufficiently set forth in the opinion. The provisions of the will referred to therein are as follows :

"*Second.* I will and direct that my executrix hereinafter named shall sell all my real estate, except that hereby willed to John D. L. Ogsbury, within five years from the date of my decease, and at such time within that period as may seem best to her, and from the proceeds of said sale she shall, after paying all my debts which may remain unpaid at the time of said sale, and shall also pay the legacies and bequests hereinafter directed and provided for to be paid."

" *Third.* I give and bequeath to my daughter, Susan, the use and possession of all my real estate until the same is sold, said Susan to have for her own benefit and use all the rents, issues and profits of the same until sold."

"*Seventh*. I hereby give to my executrix, hereinafter named, full power to sell and convey any and all my real estate, except the part or portion devised to my son, John D. L. Ogsbury; said real estate may be sold in such portions or parcels as to my executrix shall seem best or most profitable, or it may be sold altogether, as my executrix may think best to do."

*Elon R. Brown* for appellant. Plaintiff, as executrix, took no title to the testator's real estate, and hence could not maintain an action for trespass. (*Lent* v. *Howard*, 89 N. Y. 169; *Chamberlain* v. *Taylor*, 105 id. 185, 194; *Wilder* v. *Ranney*, 95 id. 7, 12; *Bogart* v. *Hertell*, 4 Hill, 492; 3 Pomeroy's Eq. Jur. § 1166.) Not being entitled to possession as against the heir or devisee, the executor cannot maintain the common law action of trespass against anyone. (*Stockwell* v. *Phelps*, 34 N Y. 363; *Wood* v. *La Fayette*, 68 id. 181.) The actual possession of the *locus in quo* was in the defendant under the gift from his father. (*Machin* v. *Geortner*, 14 Wend. 239; *Lyon* v. *Sellew*, 34 Hun, 124.) The defendant was in possession of the forty-one and sixty hundredths acres under circumstances that entitled him to insist upon specific performance of the parol gift thereof to him. (*Machin* v. *Geortner*, 14 Wend. 239; *Lyon* v. *Sellew*, 34 How. 124; *Miller* v. *L. I. R. R. Co.*, 71 N. Y. 381; Pomeroy on Contracts, 184, §§ 130, 137; *Lobdell* v. *Lobdell*, 33 How. Pr. 369; *Foreman* v. *Foreman*, 43 N. Y. 34; *Patterson* v. *Copeland*, 52 How. Pr. 460; *Vanarsdale* v. *Perry*, 21 Week. Dig. 116.)

*Watson N. Rogers* for respondent. The will works an equitable conversion of testator's real estate into personalty. (Williams on Executors, 658; *Doughty* v. *Bull*, 2 P. Williams, 320; *Meakings* v. *Cromwell*, 5 N. Y. 136; *Dodge* v. *Pond*, 23 id. 69; *Lent* v. *Howard*, 89 id. 169; *Arch* v. *Arch*, 18 Abb. N. C. 82; 47 Hun, 285; 21 N. E. Rep.; *Marsh* v. *Wheeler*, 2 Edw. Ch. 157; *Kane* v. *Nott*, 24 Wend. 641; *Roberts* v. *Corning*, 89 N. Y. 239; *Bogart* v. *Hertell*, 4 Hill, 492–501; *Haight* v. *Brisbin*, 96 N. Y. 132–136; *Delafield* v. *Barlow*, 107 id. 535; *Stagg* v. *Jackson*, 1 id. 206; *Gourley* v.

*Campbell,* 6 Hun, 218 ; *Morse* v. *Morse,* 85 N. Y. 53 ; *Hood* v. *Hood,* Id. 561 ; Perry on Trusts, §§ 328, 475.) The power given by the will "to sell lands for the benefit of legatees" creates an express trust. (4 R. S. [8th ed.] 2437 ; 2 id. 778, § 55.) The plaintiff, as trustee of an express trust, is authorized to sue. (Code Civ. Pro. § 449 ; *Western R. R. Co.* v. *Nolan,* 48 N. Y. 513 ; *Parsons* v. *Warren,* 14 Barb. 488 ; *Thomas* v. *Bennett,* 56 id. 194–202 ; Perry on Trusts, §§ 313, 839 ; 2 R. S. 729, § 60 ; 4 id. [8th ed.] 2438 ; 4 Kent's Com. 322 ; Tiffany on Trusts, 752 ; *Tobias* v. *Ketchum,* 32 N. Y. 319–326 ; Lewin on Trusts, 213.) The plaintiff is entitled to maintain the action for the reason that the will charges her with the imperative duty of converting the land into money and with the proceeds to pay the debts and legacies. (1 High on Injunctions, § 685 ; 2 Eden on Injunctions, 206 ; 2 Story's Eq. § 914 ; *Garth* v. *Cotton,* 1 Ves. 546–555 ; *Stansfield* v. *Hubergham,* 10 id. 277–278 ; Code Civ. Pro. §§ 1207, 3339 ; *Emery* v. *Pease,* 20 N. Y. 62–64 ; *Wright* v. *Wright,* 54 id. 437.) Real estate cannot be conveyed by parol. (4 R. S. [8th ed.] 2589 ; 2 id. 134, § 6 ; 4 Kent's Com. 450 ; *Thompson* v. *Gregory,* 4 Johns. 81 ; *Mumford* v. *Whiting,* 15 Wend. 380 ; *Miller* v. *A. & S. R. R. Co.,* 6 Hill, 61 ; *Green* v. *Armstrong,* 1 Denio, 550 ; *Wiseman* v. *Lucksuyer,* 84 N. Y. 31 ; *Chamberlain* v. *Sprague,* 86 id. 606–607 ; *Jackson* v. *Shearman,* 6 Johns. 19 ; *Jackson* v. *Vosburgh,* 7 id. 188.) The defendant did not show possession for twenty years, exclusive and hostile to plaintiff's testator. (Code, §§ 370, 371, 372 ; *Pope* v. *Hammer,* 74 N. Y. 240 ; *Becker* v. *Van Valkenberg,* 29 Barb. 319 ; *Doolittle* v. *Tice,* 41 id. 181 ; *Nelson* v. *Gridley,* 25 Week. Dig. 264 ; *Wheeler* v. *Spinola,* 54 N. Y. 377 ; *Trustees of East Hampton* v. *Kirk,* 68 id. 459 ; *Bliss* v. *Johnson,* 94 id. 232–242 ; *Price* v. *Roberts,* 101 id. 669 ; *Babcock* v. *Utter,* 1 Abb. Ct. App. Dec. 27 ; *Luce* v. *Carley,* 24 Wend. 451 ; *Borden* v. *S. S. R. R. Co.,* 5 Hun, 184 ; 67 N. Y. 588.)

FINCH, J. It is claimed that the plaintiff, who sues in her representative capacity as the executrix of the will of Daniel

Ogsbury, cannot maintain this action at all, because no trust was created by force of which the title to the real estate vested in her, and the action was to recover damages for a trespass upon lands which, as executrix, she neither owned nor possessed. The plaintiff claimed that there was an equitable conversion of the land into money by force of which she was entitled to recover the damages as belonging to her and constituting a part of the fund, which she was directed to receive and disburse; and *Clift* v. *Moses* (44 Hun, 312) was cited as authority. Two clauses of the will relate to the power of sale. One is an imperative command to sell within five years for the purpose of paying debts and legacies. I do not think its force is destroyed or its operation modified by the seventh and later clause which purports to give an authority to sell. It is not inconsistent with the prior command, and was intended to authorize the sale already directed in lots or parcels or altogether in the discretion of the executrix. But one difficulty with the theory of an equitable conversion at the death of the testator is that he gave the rents and profits of the land to the plaintiff in her individual right so long as it remained unsold, and she in her own right was entitled to the possession of the land and the rents and profits until an actual sale, and so no earlier conversion was intended. It seems also to be the doctrine of *Lent* v. *Howard* (89 N. Y. 169) that even where there is an imperative power of sale the possession is in the heir and the remedy of the executor to prevent spoliation in the nature of waste is in equity.

But I think this action may be regarded as one in equity, and not at law. The complaint sets out the will and the power of sale therein contained. It describes the land in dispute, and avers that the executrix had commenced negotiations to sell it to one Stevens, who was an adjoining owner; that the defendant was despoiling the land of its timber, and in spite of notice to discontinue his trespasses was persisting in the same, claiming that his father had agreed to give him the lot; that he was dissatisfied with the will, and was acting as he did to intimidate said Stevens and prevent a sale and embarrass

the plaintiff in the performance of her duty as executrix; that the defendant is nervous and excitable and indiscreet and stubborn, and threatens to continue his cutting and removal of timber.   An injunction is asked to restrain his interference with the land by acts of waste, and treble damages for the injury done, and such further relief as may be needed.   While the complaint is somewhat inartificial, and not very definite in its aim, I think we ought not to narrow its obvious scope into the allegation of a mere cause of action for trespass.   It may justly be treated as an effort to quiet the title and settle the right of the executrix to sell the land as part of the testator's estate, and to remove a very serious obstruction to the performance of the plaintiff's duty.   The action came on for trial at a Circuit and Special Term, and before a jury.   It was. however, disposed of by the court.   Treble damages were waived, and the jury were directed to find for the plaintiff a specific amount.   No question appears to have been raised by either party over the mode of trial.   Judgment was entered for the plaintiff in accordance with the order of the court. It seems to me, on this state of facts, that the action should be deemed to have been of an equitable character, and so maintainable by the plaintiff in her representative capacity.

The defense was title in the defendant to the *locus in quo*, and this was rested upon three grounds — a parol gift by the testator; a devise of the lot by his will; and an adverse possession.   The General Term deemed the proof of a parol gift by the testator unsatisfactory.   Such proof should be very definite and certain to serve as a basis for that equitable relief or protection which dispenses with a writing and disregards the statute of frauds, and in this case it is quite doubtful and uncertain.   But, even assuming its sufficiency, a further difficulty remains.   There was no proof of any fact sufficient to relieve the gift in equity from the necessity of a writing.   It is said that the defendant went into possession and made improvements.   I doubt if a mere entry into possession unless, possibly, under some very unusual and exceptional circumstances, will warrant a decree of specific performance.

But if it ever does, that possession must be very clear and definite, such as would characterize the action of an owner and be inconsistent with the hypothesis of a mere license; for in this class of cases equity dispenses with a writing only when definite and unequivocal facts exist which point with certainty to a prior parol agreement of gift or sale and serve to indicate its existence, and so may be taken as a substitute for the usual written evidence. In this case no such possession was shown. It was entirely consistent in all its details with a mere license or permission from the father to cut wood or make sugar, and had no definite measure or boundaries and pointed to no parol gift or sale. The alleged improvements consisted, at the most, of an arch for boiling sap of so temporary a character as to be quite naturally erected by a tenant or licensee. For these reasons the court decided justly that no case for a specific performance of the parol gift was established.

But the defendant also claimed that the lot in dispute was devised to him by the will of his father. The evidence establishes that in 1866 the defendant married and moved to a forty-acre piece of his father's farm, on which he repaired an old house for his occupation and erected a barn and other outbuildings, and for which the testator gave the defendant a quit-claim deed in 1880, which accurately bounds and describes the forty acres intended. The will of the testator contains the following provision : "I give and devise to my son, John D. L. Ogsbury, for and during his natural life, and to his heirs-at-law after his decease, the following described piece or parcel of land, viz., all that piece of land that he has a quit-claim deed of me and that he now occupies; also a strip of land five chains wide," etc. The appellant construes the phrase "that he now occupies" as covering a second parcel in addition to the one quit-claimed, and so covering the land in dispute. That construction is inadmissible. One piece or parcel of land, and not two, was the subject of the devise, and it was described by reference both to the quit-claim deed and the occupation under it. Then follows the word "also" and the devise of another single

parcel.    The meaning is entirely plain and cannot be changed without violence to the terms of the devise.    We are told that the devise of the forty acres is absurd, but the absurdity is not cured by the appellant's construction.    If we say that two pieces were given instead of one, the devise of the first remains and is as absurd as ever.    It is only by a construction which extinguishes the devise of the forty acres and turns it into a mere recital by interpolating some expression like the words "in addition to" or "besides" that the seeming absurdity can be effaced.    The purpose, probably, was to recognize and confirm the son's title.    Such deeds of gift are apt to be questioned when the giver is dead, or occasion difficulty and misunderstanding, and to avoid that as far as possible the forty acres was devised in the will.    But, in any event, it is impossible to warp the testator's language into a devise of the land in question.

There was no adverse possession, and the conclusion of the court in that respect needs no further discussion.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.