## Matter of the Estate of HELEN E. KELSEY, Deceased.

(Surrogate's Court, New York County, June, 1921.)

Wills — construction of — residuary clause — survival.

> The residuary clause of the will of testatrix, who left her surviving, two daughters and two sons, provided: " To my executors hereinafter named I give and bequeath and devise all the rest residue and remainder of my estate real and personal whatsoever and wheresoever. * * * And to apply the net income arising from all the rest of said residue and remainder of said proceeds to the use of my son Oscar during his natural life and the principal thereof to be equally divided among his children at and upon his decease, should he leave children surviving him, but in case of his death without leaving surviving him any children such last mentioned principal shall be divided equally among my other children Charles, Anna and Helen, if then living and if any of them shall then be dead the children of such deceased child shall together take the share to which their parent would have been entitled if living." Charles predeceased Oscar, without issue, and at the time of the latter's death both of the daughters were living. Upon the accounting the executrix of Charles claimed one-third of a fund to which testatrix became entitled under the will of her deceased husband. *Held,* that as to such fund, the testatrix did not die intestate, but that it passed under the residuary clause of her will and that the decree to be entered upon the accounting should provide for the equal distribution of said fund between the estates of her daughters.

CONSTRUCTION of a will upon an accounting.

Wellman, Smyth & Scofield, and Geller, Rolston & Blanc, for trustees and administrators c. t. a.

Charles C. Sanders (Edward J. McGuire, of counsel), for Nellie Kelsey.

FOLEY, S. The construction of the will becomes necessary upon this accounting. By my decision in

37

Surrogate's Court, New York County, June, 1921.   [Vol. 115.

*Matter of Kelsey,* 184 N. Y. Supp. 67, the estate of this testatrix (his widow) became entitled to a certain fund.  At the outset I hold that the testatrix did not die intestate as to that fund, but that it passed under the residuary clause of her will.  *Floyd* v. *Carow,* 88 N. Y. 560; *Matter of Miner,* 146 id. 121; *Lamb* v. *Lamb,* 131 id. 227.

Testatrix left her surviving four children, Anna, Helen, Charles and Oscar.  The residuary clause in her will provided: " To my executors hereinafter named I give and bequeath and devise all the rest residue and remainder of my estate real and personal whatsoever and wheresoever.  *  *  *  And to apply the net income arising from all the rest of said residue and remainder of said proceeds to the use of my son Oscar during his natural life and the principal thereof to be equally divided among his children at and upon his decease, should he leave children surviving him, but in case of his death without leaving surviving him any children such last mentioned principal shall be divided equally among my other children Charles, Anna and Helen, if then living and if any of them shall then be dead the children of such deceased child shall together take the share to which their parent would have been entitled if living."

The son Charles predeceased Oscar, without issue, and at the time of Oscar's death, Anna and Helen were living.  The executrix of Charles claims one-third of the fund upon the theory that the remainder vested in him at the death of the testatrix.  An alternative claim is made by her to one-twelfth of the fund on the theory that the will did not dispose effectively of the one-third of the remainder bequeathed to Charles, that the testatrix died intestate as to such one-third, and thereby Charles, as one of her next of kin, became entitled to that share.  The controlling

language of this paragraph is the phrase "*if then living.*" It fixed the persons who were to take upon the death of Oscar, the life tenant. The intent of the testatrix is clear and explicit and no citation of rules of construction must be permitted to alter or defeat it. The testatrix provided in effect that Helen, Charles or Anna must survive at the date of death of Oscar in order to take. A substitutional gift was provided in case of the death of either before Oscar, in favor of the children of such deceased child. The survivors took the whole fund in equal shares. By giving the entire remainder to the children surviving at the death of Oscar, she excluded any child who predeceased him. The situation here is similar to that in *Matter of Buechner,* 226 N. Y. 440, where the word "living" was used to define persons who would take upon the happening of the determining event — the death of the life tenant. Cardozo, J. (at pp. 443, 444) pointed out that there is no need to resort to technical rules of construction to ascertain beneficiaries " when the testator has defined the membership himself." " We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail (*Robinson* v. *Martin,* 200 N. Y. 159, 164; *Mullarky* v. *Sullivan,* 136 id. 227, pp. 230, 232)." See also *Matter of Baer,* 147 N. Y. 348; *Metropolitan Trust Co.* v. *Krans,* 186 App. Div. 368; *Matter of Crane,* 164 N. Y. 71; *Schwartz* v. *Rehfuss,* 129 App. Div. 630; affd., 198 N. Y. 585; *Lyons* v. *Ostrander,* 167 id. 135, 138.

The construction adopted by me was also accepted by Mr. Justice Delehanty (*Kelsey* v. *Barbey, Kelsey* v. *Gibson,* N. Y. L. J., July 1, 1915), in actions brought in the Supreme Court, New York county, by the widow

of Charles Kelsey, involving other funds passing under the same clause, against the remaindermen, Anna Kelsey Barbey, and the estate of Helen Gibson. The various cases cited by counsel for Nellie Kelsey are not applicable here for in none of them were the words " if then living " or similar language used. While the determination in the Supreme Court seems to be *res adjudicata,* I prefer to base my conclusion upon an independent construction of the will.

The decree should, therefore, provide for distribution of the fund equally between the estates of the daughters, Helen and Anna.

Decreed accordingly.