147 348
154 540
147 348
156 404
147 348
160 327
147 348
164 76
147 348
167 140
147 348
171 4123
147 348
e173 1452

In the Matter of the Application of Morris B. Baer, Appellant, to be Relieved from his Purchase in the Partition Action of Frances Nathan et al., Respondents, v. Edmund Hendricks et al., Defendants.

1. WILL — FINAL DISTRIBUTION — BENEFICIARIES. Where final division and distribution is to be made among a class, the benefits of a will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made.

2. CONTINGENT DEVISE — SURVIVORSHIP. Where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon trustees, the devise is designed to be contingent, and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift.

3. TIME OF DISTRIBUTION. The rule that in case of a devise to one person in fee, but in case of his death to another, the death referred to will be construed to be a death in the testator's lifetime, has no application where a point of time for distribution is mentioned other than the death of the testator, or where a life estate intervenes, or where the context of the will contains languge indicating a contrary intent.

4. WILL — CONSTRUCTION — PARTITION — PARTIES — MARKETABLE TITLE. The will of G. devised certain property in trust for the use of her daughter E., and at her death to her issue, if any; in case E. died without issue the trustees were directed to apply the rents and profits of the property to the suport of M. during life, and at her death to convey the remainder "to the children and lawful heirs of my brother, Harmon Hendricks, deceased, to share and share alike per stirpes." E. died intestate before M. and without issue; thereafter M. died and the trust terminated. H., the deceased brother, left ten children, who were alive at the death of G., but all died before E.; some of these children left wills, under which any interest in the real estate in question which vested in them upon the death of G. would pass.

In an action brought to partition the property none of the devisees of these children were made parties, but all persons who answered the description of living heirs of H. at the death of M. were brought in. A motion by the purchaser at the partition sale to be relieved from his purchase upon the ground that the title was unmarketable was denied, and he was ordered to complete his purchase. Held, that the devise was contingent upon the death of E. without issue, and did not vest at the death of G. in the then living children of her brother H., but was postponed until the death of M.; it then vested in the lawful heirs of H. then living; that as all persons who answered to this description at the time of distribution had been made parties to the action of partition and become bound by the judgment, the title tendered was good and marketable.

*Also held*, that the title was not involved in so much doubt as to justify the purchaser in refusing to perform, and as the court below had exercised its discretion in that respect its order compelling performance ought not to be disturbed.

Reported below, 87 Hun, 483.

(Argued October 21, 1895; decided October 29, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made June 14, 1895, which affirmed an order of the Special Term denying a motion by the purchaser of premises sold under an interlocutory judgment in an action of partition, to be relieved from his purchase, and ordering him to complete such purchase.

The facts, so far as material, are stated in the opinion.

*Thomas W. Butts* for appellant. If there be an element of doubt the purchaser at a judicial sale must be relieved from his contract. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Shriver* v. *Shriver*, 86 N. Y. 575–584; *Fleming* v. *Burnham*, 100 N. Y. 1–8; *Abbott* v. *James*, 111 N. Y. 673–678; *Vought* v. *Williams*, 120 N. Y. 253–257; *Kilpatrick* v. *Barron*, 125 N. Y. 751–755.) The gift is in form a mere direction to divide and pay at a future time, and although it is a rule of construction that such a gift shall be held to be contingent, and that the beneficiaries are to be determined at the time of the distribution, the rule is subject to and controlled by the intention of the testator, which intention, if not declared in clear terms, may be sought in circumstances and in the light afforded by other clauses of the will. (*In re Tienken*, 131 N. Y. 409; *In re Smith*, 131 N. Y. 239; *Goebel* v. *Wolf*, 113 N. Y. 405; *In re Gardner*, 140 N. Y. 122; *In re Seebeck*, 140 N. Y. 241.) "After" is a word which has been interpreted and given its due place. It relates to the time of distribution and not to the beneficiaries. It fixes the time of enjoyment. It does not limit or enlarge the number of remaindermen. (*Moore* v. *Lyons*, 25 Wend. 118; *Livingston* v. *Greene*, 52 N. Y. 118; *Nelson* v. *Russell*, 135 N. Y. 137.) The testatrix intended that her ultimate beneficiaries

should be certain persons in being at her own death, unless her daughter Emeline should marry and die leaving issue. (*Nelson* v. *Russell*, 135 N. Y. 137.) The children of Harmon Hendricks living at the death of the testatrix, and the issue then living of such of his children as were then deceased, took a vested estate in remainder in the entire estate, and (although all of them died in the lifetime of Matilda and Emeline) their devisees were necessary parties to this action, for such vested estate passed and survived to such devisees. (*Gilman* v. *Reddington*, 24 N. Y. 9–16; *Roome* v. *Philips*, 24 N. Y. 463; *Manice* v. *Manice*, 43 N. Y. 303–380; *Terry* v. *Wiggins*, 47 N. Y. 512–518; *Embury* v. *Sheldon*, 68 N. Y. 236; *Stevenson* v. *Lesley*, 70 N. Y. 515; *Jaudon* v. *Hayes*, 79 Hun, 453, 455.) That any question exists in this title is due entirely to the neglect of the plaintiffs to join as defendants the persons who might question it. (*Crouter* v. *Crouter*, 133 N. Y. 55; *Haberman* v. *Baker*, 128 N. Y. 253.) There is no safety whatever in the rule of *stare decisis*. When the parties who are not now before the court raise the question as to the interpretation, the court may conclude that the construction arrived at on this application is erroneous, and in that event such construction would be set aside. (*Gifford* v. *Livingston*, 2 Den. 393; *Rumsey* v. *N. Y. & N. E. R. R. Co.*, 133 N. Y. 85; *Towle* v. *Forney*, 14 N. Y. 423; *People* v. *Mayor*, etc., 9 Barb. 544.)

*Benjamin N. Cardozo* for respondents. The heirs of Harmon Hendricks surviving at the date of distribution are alone entitled to participate in the proceeds of the sale. (*Bisson* v. *W. S. R. R.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y. 405, 411; *Teed* v. *Morton*, 60 N. Y. 506; *In re Smith*, 131 N. Y. 239, 247; *Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, 88 N. Y. 174; *Rich* v. *Waters*, 22 Pick. 563; *Sears* v. *Russell*, 8 Gray, 86; *Brown* v. *Nicholson*, 8 Hun, 464; *Delafield* v. *Shipman*, 103 N. Y. 463; *Hobson* v. *Hale*, 95 N. Y. 588; *In re Seebeck*, 140 N. Y. 241; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Benson* v. *Corbin*, 145 N. Y.

351; *Stokes* v. *Weston*, 142 N. Y. 433; *Moore* v. *Lyons*, 25 Wend. 119; *Kelly* v. *Kelly*, 61 N. Y. 47; *In re Denton*, 137 N. Y. 428; *In re N. Y., L. & W. R. Co.*, 105 N. Y. 589; *Mead* v. *Maben*, 131 N. Y. 255; *Washbon* v. *Cope*, 144 N. Y. 297; *Buel* v. *Southwick*, 70 N. Y. 581; *Nellis* v. *Nellis*, 99 N. Y. 505; *Fowler* v. *Ingersoll*, 127 N. Y. 472, 478; *Mullarky* v. *Sullivan;* 136 N. Y. 227; *Kelso* v. *Lorillard*, 85 N. Y. 177; *Lytle* v. *Beveridge*, 58 N. Y. 598; *In re Curtis*, 142 N. Y. 219; *Townshend* v. *Frommer*, 125 N. Y. 446; *Campbell* v. *Stokes*, 142 N. Y. 23; *Wood* v. *Mitcham*, 92 N. Y. 375.) The title is a marketable title; the court below, in its discretion, was empowered to solve the question suggested by the purchaser; and with the exercise of that discretion, unless an abuse of judicial authority be shown, this court, under familiar principles, will decline to interfere. (*Wronkow* v. *Oakley*, 133 N. Y. 505, 511; *Chwatal* v. *Schreiner*, 3 Misc. Rep. 192; *Lahey* v. *Kortright*, 132 N. Y. 450; *Mott* v. *Ackerman*, 92 N. Y. 539; *Haberman* v. *Baker*, 128 N. Y. 256; *White* v. *Damon*, 7 Ves. 35; *Mullings* v. *Trinder*, L. R. [10 Eq.] 448; Fry on Spec. Perf. §§ 865, 871; *Radford* v. *Willis*, L. R. [7 Ch. App.] 7; *Holly* v. *Hirsch*, 135 N. Y. 590.)

O'BRIEN, J. On the 6th of March, 1895, pursuant to the judgment in an action of partition, the referee offered for sale the premises in question, No. 27 Mercer street, in the city of New York, and the appellant in this proceeding, as the highest bidder, became the purchaser. Subsequently he petitioned the court to relieve him from his bid upon the sole ground that the title under the judgment resulting in the sale was not a marketable one. The courts below have denied his application, thus holding that the title offered is good, and that is the only question presented by this appeal.

It is admitted that Charlotte Gomez, who died December 1, 1849, leaving a will which was admitted to probate in that year, was, at the time of her death, seized and possessed of this property in fee. The defect which the purchaser claims

to exist in the title under the referee's sale arises under this will and the judgment in partition.

The property in question was disposed of by the residuary clause of the will, wherein the testatrix devised and bequeathed the same to her executors, as trustees, in trust for the use of her daughter Emeline, with directions to pay over to her the rents, income or profits thereof, and in case of her death, leaving issue, to convey the remainder to such child or children or his or her heirs.

This provision of the will was modified by a subsequent clause, in which it was directed that in case of the death of Emeline without children or their issue, her descendants, but leaving her sister Matilda surviving, then and in that case, the trustees were to apply the rents, income and profits of the property in question so held by them in trust to the use, benefit and support of Matilda during her natural life, and upon her death to convey the remainder " to the children and lawful heirs of my brother Harmon Hendricks, deceased, to share and share alike *per stirpes*."

The daughter Emeline died intestate and without issue March 20, 1885. The daughter Matilda survived her sister for several years, and died December 6, 1893, and so the trust then expired and the estate in remainder passed to such descendants of Harmon Hendricks as were contemplated by the will. Harmon was the brother of the testatrix, but died some time before the will was made, leaving ten children surviving, and who were alive at the death of their aunt, the testatrix, but all of them died before Emeline, to whom the first life estate was devised. These children, or some of them, left wills under which any interest in the real estate in question which vested in them upon the death of the testatrix would pass. In the partition action none of the devisees of these children were made parties, but all persons who answered to the description of the living heirs of Harmon Hendricks at the date of the death of Matilda, on December 6, 1893, were brought in and are bound by the judgment.

The question, therefore, is, whether the remainder vested

upon the death of Charlotte Gomez, the testatrix, in such of the children or descendants of her brother, Harmon Hendricks, as were then living, or only in such descendants living at the termination of the life estates to the two daughters of the deceased. If the remainder vested upon the death of the testatrix, then the contention of the petitioner as to defects in the title can be sustained, but not if it was contingent and to vest only in the future in the surviving children or heirs of the brother, since all such persons were made parties to the partition suit. The trust created by the provisions of the will referred to embraced personal as well as real property, and the contention of the purchaser is that the testatrix contemplated a division and distribution of the remainder at some remote period in the future, not only among the descendants of her brother then living, but also among the devisees and legatees of such as had died in the meantime, or their heirs or representatives, thus bringing into the class persons who are not of her blood and who were wholly unknown to her in her lifetime. The duty which she imposed upon her trustees was clear and simple, and that was to distribute the remainder, when the trust terminated by the death of the life tenants, among the children and lawful heirs of her deceased brother. The language of the will, read in the light of settled rules of construction, indicates quite clearly that she did not intend that the remainder should vest upon her death in the then living children and heirs of her brother, but should be postponed until the time for division and distribution arrived, and then to vest in such persons as answered to the description who survived. The children of her brother were to take no interest whatever, except upon the contingency of her daughter's death without issue. In case of her death leaving issue such issue would take the remainder absolutely.

Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Goebel* v. *Wolf*, 113 N. Y.

45

405–411; *Teed* v. *Morton*, 60 N. Y. 506; *In re Smith*, 131 N. Y. 239, 247.) In such cases the gift is contingent upon survivorship, and if it vests at all before the date of distribution it is subject to be divested by the death before that time of a person presumptively entitled to share in the distribution. While this rule is sometimes made to yield to indications of a contrary intent in the will, yet it may be said to be a general rule and there is nothing to be found in the will in question to prevent its full application.

Moreover, there is not in this devise any words of direct and immediate gift to the children or heirs of the brother, but a direction that the trustees should convey to them at a future time on a certain contingency. They were to take through the medium of a power in trust, and the time of the vesting of the interest was thus deferred in form, at least, until the time of distribution. It is a case then where, as the cases express it, "futurity is annexed to the substance of the gift," and warrants the application of the principle that where a future interest is devised, not directly to a given person, but indirectly through the exercise of a power conferred upon trustees, the devise is designed to be contingent, and survivorship at the time of distribution is an essential condition to the acquisition of an interest in the subject of the gift. This rule has been applied in numerous cases that do not differ essentially in the material facts from the one at bar. (*Smith* v. *Edwards*, 88 N. Y. 92; *Delaney* v. *McCormack*, Id. 174; *Warner* v. *Durant*, 76 N. Y. 136; *Vincent* v. *Newhouse*, 83 N. Y. 511; *Delafield* v. *Shipman*, 103 N. Y. 463; *Hobson* v. *Hale*, 95 N. Y. 588.)

The rule that in case of a devise to one person in fee, but in case of his death to another, the death referred to will be construed to be a death in the testator's lifetime, has no application to this case. The rule is never permitted to operate in a case where, as here, a point of time for distribution is mentioned other than the death of the testator, or where a life estate intervenes, or where the context of the will contains language indicating a contrary intent. (*In re Denton*,

137 N. Y. 428; *Washbon* v. *Cope*, 144 N. Y. 297; *Benson* v. *Corbin*, 145 N. Y. 351; *Stokes* v. *Weston*, 142 N. Y. 433; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *Mullarky* v. *Sullivan*, 136 N. Y. 227; *Fowler* v. *Ingersoll*, 127 N. Y. 472.)

The intention of the testatrix was that upon the death of the daughters, for whose benefit the trust was created, without issue, the remainder should be distributed among such of the children of her brother as might then be living, and the lawful heirs of such as might be dead, and all the persons who answered to that description at the time of distribution having been made parties to the action of partition and become bound by the judgment, the title tendered was good and marketable.

Nor do we think that the title was involved in so much doubt, within the meaning of the rule, as to justify the purchaser in refusing to perform; and, moreover, the courts below have exercised their discretion in that respect, with which we ought not to interfere. (*Kelso* v. *Lorillard*, 85 N. Y. 177; Fry on Specific Performance, §§ 865, 871; *Radford* v. *Willis*, L. R., 7 Ch. App. 7.)

For these reasons we think the order appealed from should be affirmed, with costs.

All concur.

Order affirmed.