In the case before me, likewise, it is not necessary to determine whether the privilege to be represented by counsel, guaranteed by the Constitution, will be deemed to have been waived by not asserting it at the commencement of a trial, for the reason that in this case there is affirmative evidence that the defendant did not intend to waive that right. Upon their arraignment in the Night Court they had stated that they desired the presence of counsel, and there is no evidence that after having made such request they had at any time expressed a willingness to proceed without counsel. The adjournment from the night session until the morning did not afford a sufficient opportunity to secure counsel, and there is no evidence that any message for counsel had actually been sent. Moreover, the defendants did not understand the English language, and as soon as they were informed at the trial next morning by direction of the court through the interpreter what was taking place they notified the court that they desired to have counsel. A waiver, if implied, is implied from the fact that, having proceeded without counsel, defendant thereby intended to dispense with counsel; whereas in this case it is clear that these defendants desired counsel at the outset and reiterated their demand at the first opportunity given them to make known their wishes. When the magistrate instructed them that they must go on with the case, and told them that they were not entitled to a lawyer, he did not do so upon the ground that they had waived the right to be represented by counsel, but upon the ground that they were not entitled to counsel, because they were charged, "not with a felony, but with disorderly conduct." Again, at the conclusion of the case, the court said:

"I want it to be understood by these men that everything has been accorded them that by law should be. They are not by law entitled to the aid of counsel. It is only in case of felony—cases prosecuted by indictment—that they are entitled to the aid of counsel; otherwise, counsel come in simply by courtesy."

The defendants were clearly entitled to be represented by counsel, whether the charge was felony or disorderly conduct, and had not in my opinion waived that right.

Judgment is reversed, and a new trial ordered.

---

### In re DUFFY'S ESTATE.

. (Surrogate's Court, New York County. April 19, 1915.)

1. WILLS ⊙⟹439—CONSTRUCTION—INTENTION.
  Where the intention of the testator is not clearly expressed in the will, the court must resort to the established rules of construction to determine it.
  [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 952, 955, 957; Dec. Dig. ⊙⟹439.]

2. WILLS ⊙⟹634—CONSTRUCTION—CONTINGENT BEQUEST—LAPSE.
  Where the testator, in disposing of the remainder after a life estate, directed that one-half of the property be conveyed to his niece, etc., the gift was contingent, under the rule that such is the case when the only words of gift are found in a direction to divide or pay at a future time,

and did not vest on testator's death in the contingent remaindermen until the death of the life tenant, so that the next of kin of remaindermen, who predeceased such life tenant, were not entitled to the property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ☞634.]

3. WILLS ☞634—CONSTRUCTION—CONTINGENT BEQUEST OF REMAINDER.

Testator's will provided that if his sister, life tenant by the will, should predecease his niece, nephews, or other sisters, one-half of the property should be conveyed to his niece, $1,000 to one sister, and the residue to the other, to be conveyed at her death to his nephews and another niece, and that, if any of his sisters, nieces, or nephews should predecease the sister whom he had made life tenant, the property should be divided between the persons mentioned. *Held*, that the evident intention being to confine the distribution of the remainder to persons mentioned in the will living at the death of the sister made life tenant by the will, and there being but one survivor of such sister among those named, he therefore became entitled to the remainder.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ☞634.]

In the matter of the Estate of James A. Duffy. On request by the substituted trustee for construction of the will of the testator. Will construed.

Michael J. Scanlan, of New York City, for John Brady and Alice McDonald, administratrix.

Edo E. Mercelis, of New York City, for respondents.

Geller, Rolston & Horan, of New York City, for substituted trustee.

Thomas Moore Simonton, of New York City, for Josephine Marie Kendall and others.

FOWLER, S. The substituted trustee has filed an account of its proceedings and asks the court to construe the will of testator so that the fund held by it may be distributed among the persons entitled thereto. The will reads as follows:

"I, James A. Duffy, do will and bequeath to my sister, Ellen C. Duffy (after paying my funeral expenses, which I desire to be inexpensive), all my property and effects. I hereby appoint Mr. Edgar S. Hicks, of Brooklyn, and Mr. John Gaynor, of New York, the executors of this will, with instructions to convert my effects in the best manner their judgment will dictate and to invest it safely at interest for the sole benefit of the said Ellen C. Duffy. In the event of the death of the said Ellen C. Duffy before the death of my niece, Ellen Brady, or my sisters, Alicia and Ann, or my nephews, Peter J. and John Brady, I will that one-half of the above property be conveyed to my niece, Ellen Brady, one thousand dollars to my sister Ann, and the balance or residue to my sister Alicia, to be conveyed at her death to her children (Peter, John and Mary). Should either of the above sisters or nieces and nephews die before the death of my sister Ellen, it is my will that the property be divided pro rata on the above basis between the persons above mentioned."

Ellen C. Duffy, the sister of the testator, died on the 24th of February, 1914. All the persons mentioned in the will predeceased her, except John Brady, the son of testator's sister Alicia. That the will created a trust of all of testator's property for the benefit of Ellen C. Duffy during her life was determined by this court when it appointed the Farmers' Loan & Trust Company as substituted trustee in place

of Edgar S. Hicks. Smith v. Central Trust Co., 154 N. Y. 333, 48 N. E. 553.

The question now to be determined is: Who is entitled to the remainder after the life estate of Ellen C. Duffy? The will was evidently drawn by a person unacquainted with the use of technical legal terms.

[1] While it is evident that the testator intended to give to Ellen C. Duffy a life estate in his entire estate, his intention as to the disposition of the remainder is not free from doubt. It is therefore necessary to have recourse to those rules of construction recognized by the courts as effective aids in the interpretation of wills which do not clearly express the meaning of the testator.

[2] One of those rules is that, when the only words of gift are found in the direction to divide or pay at a future time, the gift is contingent and not vested. Applying this rule to the matter under consideration, it is apparent that the testator did not use words of direct gift in disposing of the remainder after the life estate of his sister, Ellen C. Duffy, for he directs that the remainder shall be conveyed to certain persons upon her death. The gift to those persons, therefore, was future and contingent, and did not vest until the death of the life tenant. Matter of Baer, 147 N. Y. 348, 41 N. E. 702; Matter of Crane, 164 N. Y. 71, 58 N. E. 47; Schlereth v. Schlereth, 173 N. Y. 144, 66 N. E. 130, 93 Am. St. Rep. 616; Salter v. Drowne, 205 N. Y. 204, 98 N. E. 401. The right of the remaindermen to take under the first sentence of the third paragraph of the will was dependent upon their surviving the life tenant. As all of them, except John Brady, predeceased the life tenant, their next of kin are not entitled to any part of the estate left by the testator.

[3] There remains to be considered the disposition intended by the testator in the last sentence of the third paragraph of his will. This sentence is involved and its meaning indefinite. It appears to me, however, that the testator intended by the words used in that sentence to indicate that if his niece, Ellen Brady, died before the life tenant, her share should be divided between the testator's sisters, Ann and Alicia, in the proportion which the value of the share which he had given to Ann bore to the value of the share he had given to Alicia. In the event of the death of any of the other remaindermen mentioned in the will, the same principle was to apply in determining the share which the survivors would take. He intended to confine the distribution of the remainder to those of the persons mentioned in the will who were living at the termination of the life estate of his sister, Ellen C. Duffy. Ellen Brady and the testator's sisters, Ann and Alicia, predeceased the life tenant. Alicia's children, Peter and Mary, also predeceased the life tenant. The only one mentioned in the will who survived the life tenant, and who therefore became entitled to the remainder, was John Brady. As he is the only survivor, there is no need to apply the pro rata rule of distribution mentioned by the testator.

I will therefore hold that John Brady, the nephew of the testator, is entitled to the property now held by the trustee for distribution. Tax costs, and settle decree on notice.