Matter of the Estate of Lewis Einstein, Deceased.

(Surrogate's Court, New York County, September, 1920.)

Wills — construction of — trusts — corpus — vesting — executors and administrators — issue.

A testator who died survived by his daughter L. and ten other children gave his entire residuary estate to his executors in trust, with the direction for its conversion into cash, and division of the proceeds into as many shares as testator should leave him children surviving and issue of any deceased child and upon the further trust, at the death of his daughters as they should severally die, to pay and assign the share held in trust for their use or the proceeds thereof to their issue absolutely, and if such daughters should leave no issue then to testator's surviving children and to the issue of any of his children who may

Surrogate's Court, New York County, September, 1920. [Vol. 113.

have died, such issue to take the share his, her or their parent would have taken if living. The daughter L. died in 1919, more than forty years after her father and without issue; two of her brothers predeceased her, testate, leaving no issue; three other brothers and three sisters predeceased her, testate, leaving issue now living, and one brother and one sister now survive her. *Held,* that upon her death, the corpus of the trust for her benefit vested in the children of testator, living at that time, and to the issue of those who predeceased her, and distribution will be decreed accordingly.

PROCEEDING for the construction of a will.

Beekman, Menken & Griscom, for petitioner.

Kaye, McDavitt & Scholer, for George A. Easton.

Goldsmith, Cohen, Cole & Weiss, for United States Trust Company and Cecilia Einstein, as executors of the last will and testament of Henry L. Einstein.

Stewart & Shearer, for United States Trust Company of New York as substituted trustee under the last will and testament of Emanuel Einstein.

Leslie J. Tompkins, special guardian of Eleanor Folk and other infants.

FOLEY, S. The trustee has filed her account and asks for the construction of the 6th clause of the will. That clause gives the entire residuary estate to the executors in trust and directs them to convert into cash and to divide the proceeds into as many shares as the testator shall leave him children surviving and issue of any deceased child. The 6th clause further provides: "And upon the further trust that they my executrix and executors set apart one of such shares for each of my daughters, first deducting from the share of my daughter Rachel fifty thousand dollars and from the share of my daughter Theresa five thousand dollars for advances heretofore made to them; that they hold

and invest and keep invested during the life of each of my daughters the share set apart for her benefit, and that they collect and receive and pay or apply to the use of each of my daughters during her life the interest and income arising from the share of my estate set apart for her on her separate receipt. And upon the further trust upon the death of my daughters, and as they severally die, that my executrix and executors and survivors of them pay and assign the share held in trust for her use or the proceeds of the same to her issue absolutely, and if such daughter shall leave no issue, then to my surviving children and to the issue of any of my children who may have died, such issue to take the part or share his, her or their parent would have taken if living. * * *."

Lewis Einstein died April 22, 1874, leaving him surviving his daughter Louise and ten other children. The trust for Louise Einstein, which is the subject of this accounting, terminated with her death on June 15, 1919. She died without issue. Two of her brothers, Charles and Edwin, predeceased her, testate, leaving no issue. Three other brothers and three sisters predeceased her, testate, leaving issue who are now living. One brother and one sister of Louise now survive.

The court is asked to determine whether the corpus of the trust for the benefit of Louise Einstein is to be paid (1) in ten equal shares to the children of the testator (other than Louise) who were living at his death, or to their estates, or (2) whether it is to be paid in equal shares of one-eighth each to the children living at the death of Louise, the life tenant, and to the issue of those who died previous to her death.

In the construction of wills the intention of the testator, when ascertained, is always controlling. In the present case his intention is clear. The language and scheme of the will plainly show that his plan was

Surrogate's Court, New York County, September, 1920.   [Vol. 113.

to limit the remainder dependent upon the life of this daughter, Louise, to his children living at her death and to the surviving issue of those who predeceased her. The clause just quoted directs that the executors pay over the shares " upon the death " of each of the daughters and " as they severally die." The use of these words indicates that they were intended to refer to the date of death of the daughter and not of the testator. In ascertaining the surviving children entitled to share, the death of the daughter was the determining event. In *Matter of Baer,* 147 N. Y. 348, where the testamentary disposition was quite similar, the Court of Appeals said: " The language of the will, read in the light of settled rules of construction, indicates quite clearly that she did not intend that the remainder should vest upon her death in the then living children and heirs of her brother, but should be postponed until the time for division and distribution arrived, and then to vest in such persons as answered to the description who survived. The children of her brother were to take no interest whatever, except upon the contingency of her daughter's death without issue. In case of her death leaving issue such issue would take the remainder absolutely." In a recent case (*Matter of Buechner,* 226 N. Y. 440) a like conclusion was reached. There the direction was to divide the estate upon the death of the testator's brother into as many shares as " there shall be children of my said brother  *  *  *  *  *living.*" In the present case the testator similarly uses the synonym " surviving " in referring to those of his children who were to share in the trust fund. Judge Cardozo's opinion in *Matter of Buechner* emphasizes the futility of applying technical rules or canons of construction to the interpretation of a clear and unambiguous expression of the testator. He states in the course of his opinion, at page 443: " The prin-

Misc.]    Surrogate's Court, New York County, September, 1920.

ciple of division is not changed by the words of gift which supplement the direction to divide. They have no effect except to confirm the title of a class already unmistakably described * * *. This is no case again for subtle distinctions between directions to pay or distribute, and words of present gift (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 583; *Matter of Baer,* 147 id. 348). Such tests may help to ascertain the membership of a class not otherwise defined. There is no need to resort to them when the testator has defined the membership himself. We think he has done so here, and limited his gift to the children living at the division. A single sentence includes the direction to divide and the gift of the thing divided. The class that is to share in the division is ascertained. The same class must share in the gift to which division is to lead. We need no canon of construction to justify that holding except, indeed, the primary one, to which all others are subordinate, that the intention of the testator is to be sought in all his words, and, when ascertained, is to prevail (*Robinson* v. *Martin,* 200 N. Y. 159, 164; *Mullarky* v. *Sullivan,* 136 N. Y. pp. 230, 232)." So here abstruse rules are quoted by counsel for the estates of Henry L. Einstein and Emanuel Einstein (who predeceased Louise leaving issue) as justifying the payment of part of the fund to their legatees. To sustain such contention the plain language of the will of testator must be disobeyed. The authorities cited by counsel for their executors and trustees are not in point, although they might apply in construing other provisions of the will, particularly the trust created for the widow. This trust, dependent upon the widow's life, gave vested remainders to the children of testator or their issue. It differs materially, however, from the trusts created for the daughters of testator. In the latter trusts there is a gift over, in each instance,

Surrogate's Court, New York County, September, 1920.    [Vol. 113.

on the death of the equitable life tenant without issue. The trusts for the widow contained no substitutional gift over in any event, nor any contingency which would defeat the gift over, such as the marriage of Louise and her death leaving issue. Again, in the cases cited by counsel for the executors the wills did not use the word " surviving," " living " or similar characterizations for ascertaining the members of the class on the death of the life tenant, but the gift in each case was a present gift, and the language of the testator in all these cases indicates the clear intention to vest immediately upon the death of testator. The special guardian and other parties in interest claim that the remainder interests were contingent. This contention is clearly correct. The will expressly states that upon the death of Louise leaving issue, such issue was to take absolutely. By the language of the will vesting of the remainders depended upon and was postponed until the death of Louise without issue. The persons therefore to whom the remainders were given and the event on which they were limited to take effect remained uncertain while she lived. Real Prop. Law, § 40; Pers. Prop. Law, § 11. The interests of her brothers and sisters were held in abeyance until her death. *Townshend* v. *Frommer*, 125 N. Y. 446; *Blake* v. *Mattern*, 186 App. Div. 488, 494; *Matter of Crane*, 164 N. Y. 71, 76; Chaplin Susp. Alien. (2d ed.) pp. 165, 166. In *Townshend* v. *Frommer* the Court of Appeals pointed out: " It is the uncertainty here as to the precise persons   *   *   *   that introduces the element of contingency." The rule applicable is stated in *Matter of Crane* as follows: " Where the gift is of money and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the distribution (*Teed* v. *Mor-*

*ton,* 60 N. Y. 506; *Matter of Baer, supra; Smith* v. *Edwards,* 88 N. Y. 92). * * * aside from the direction to the executors or trustees to divide and distribute the estate, there are no words importing a gift, and hence it becomes our duty to give force and effect to the rule that where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent and not vested." In the will before the court there are not words of immediate gift. " Futurity is annexed to the substance of the gift." *Smith* v. *Edwards,* 88 N. Y. 92. The only words of gift are found in the direction to the trustees to divide the fund and to pay over at a future time, upon the death of Louise.

The testator clearly intended that the vesting should be postponed until the time for division and distribution arrived, and then to vest in such persons as answered to the description. *Metropolitan Trust Co.* v. *Kraus,* 186 App. Div. 368. To none of the *cestuis que trustent,* it is to be noted, did he give a power of appointment, nor did he otherwise indicate by his language any intention to dispose of the fund in question other than as before noted. Furthermore, the construction adopted by me prevents the passing of any of testator's estate to strangers who might take under the wills of children dying before the life tenant. To hold that the legatees of deceased children should participate and their issue be excluded would do violence to the whole scheme of the will.

The trust fund must therefore be divided into eight equal shares, to be paid *per stirpes* to the children of testator who were living at the death of Louise Einstein and to the issue of those who predeceased her.

Decreed accordingly.