UNITED STATES TRUST COMPANY OF NEW YORK AS TRUSTEE OF THE ESTATE OF HENRY DE COPPET FOR REMAINDER INTEREST AFTER GERTRUDE DE COPPET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

UNITED STATES TRUST COMPANY OF NEW YORK AS TRUSTEE OF THE ESTATE OF HENRY DE COPPET FOR REMAINDER INTEREST AFTER BEATRICE DE COPPET, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60389, 60390.   Promulgated October 31, 1934.

*E. Sheldon Stewart, Esq.*, and *George L. Shearer, Esq.*, for the petitioners.

*Ralph E. Smith, Esq.*, and *John T. Koehler, Esq.*, for the respondent.

OPINION.

SEAWELL: It is not disputed that the basis for determining the gain or loss from the sale involved in the instant proceedings is governed by section 113 (a) (5) of the Revenue Act of 1928, which in part provides:

(5) PROPERTY TRANSMITTED AT DEATH.—If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. If the property was acquired by the decedent's estate from the decedent, the basis in the hands of the estate shall be the fair market value of the property at the time of the death of the

decedent. In all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer. * * *

In behalf of the petitioner it is insisted the trusts for the lives of Gertrude and Beatrice de Coppet were contingent trusts and did not vest until the death of their mother. The respondent contends the trusts vested upon the death of their father, the testator.

The real estate involved and sold was situated in New York and the law of that state with respect to interests therein, whether vested or contingent, is controlling. *United States* v. *Crosby*, 7 Cranch 115; *De Vaughn* v. *Hutchinson*, 165 U. S. 566, 570; *Poe* v. *Seaborn*, 282 U. S. 101, 110.

The distinguishing characteristics of vested and contingent remainders under the common law and the New York law are, with citation of authorities sustaining same, in 23 R. C. L., sections 36, 37, pp. 504–506, in part thus stated:

36. * * * A provision in the New York statutes, which has been incorporated in the statutes of other states, introduced the rule that an estate is vested "where there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate." This statute was deemed by Chancellor Kent (Com. 202) to express fully and accurately the common law definition of a vested remainder. And this remark seems to have misled the courts of other jurisdictions into accepting the decisions of the New York Courts under the statute of that state as expository of the common law. But the assumption that this statutory definition is simply a brief statement of the common law rule has now been definitely abandoned everywhere, and it has been recognized even in New York that there is a marked distinction between this statutory definition and that of the common law.

37. * * * But according to the common law distinction between vested and contingent remainders, a remainder does not vest merely because there is a person in being who would have a right to the possession should the particular estate immediately determine; the person in being must be one whose right ultimately to enjoy the remainder is fixed and certain during the pendency of the particular estate. To the contrary, under the New York rule, which declares a remainder to be vested "when there is a person in being who would have an immediate right to the possession of the land upon the ceasing of the intermediate or precedent estate," all members of a class who are in life at any time during the particular estate will take vested remainders, even though the instrument creating the estates nominates those only of such class as shall be in esse when the particular estate falls in to take in remainder at all; for they clearly come within the words of the rule as persons in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate.

In *Trowbridge* v. *Cross*, 110 N. Y. S. 1108; 126 App. Div. 679; affd., 195 N. Y. 596, the court, in part, said:

* * * Under the statute future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession upon the ceasing of the intermediate or precedent estate.

They are contingent while the person to whom, or the event upon which, they are limited to take effect remains uncertain. Real Property Law, Laws 1896, Sec. 30, C. 547, p. 564.

The petitioner cites and relies on *In re Crane*, 164 N. Y. 71; 58 N. E. 47, quoting the general rule of construction therein enunciated that " where the only words of gift are found in the direction to divide or pay at a future time, the gift is future, not immediate; contingent and not vested ", and insists that the trusts in the instant cases herein (consolidated for hearing) fall squarely within that rule.

In that case, however, the court said there are exceptions to the rule and stated, as " where there are words importing a gift in addition to the direction to executors or trustees to pay over, divide or distribute. In such a case, the general rule of construction does not govern, because the language employed, outside of the direction to divide or distribute, imports a gift, and therefore the situation is precisely as if the will contained words of gift." In that case the court decided: " That, aside from the direction to the executors or trustees to divide and distribute the estate, there are no words importing a gift, and hence it becomes our duty to give force and effect to the rule that, where the only gift is found in a direction to divide or pay at a future time, the gift is future, not immediate; contingent, and not vested."

A careful reading of the provisions of the will construed in that case, as set forth in the court's opinion, will disclose that they are quite different from those of the will in the instant proceedings. After making provision for debts, funeral expenses, gifts to his wife and certain relatives, the testator then devised and bequeathed all the rest of his estate to his executors in trust, commanding them to dispose of his real estate and convert personalty into cash and invest in bonds secured by real estate mortgages; and to pay certain annuities to his wife and certain relatives. Upon death of the wife, the trust terminated. The will further provided: " Upon the decease of my said wife, I order and direct that my estate be divided as follows, viz: equally between my brothers and sisters and my niece. * * * " The testator's seven brothers and sisters and niece survived him, but *all* died *before* the widow, some leaving issue and some none. The court below construed the will as vesting the remainders given to the brothers and sisters and niece immediately upon the death of the testator and this holding the Court of Appeals of New York reversed, as heretofore indicated. The remainder interests to be divided as above indicated had not been devised to aforesaid parties nor *in trust* for them, as was the case of remaindermen in the will in the instant proceedings.

The trust in the *Crane* case, *supra*, had relation only to the disposition and conversion of certain property into cash and its investment in bonds and the payment of certain annuities, which *trust terminated* upon the wife's death. In the instant proceedings the remaindermen's interests were held *in trust* for them from date of testator's death and we think they had vested interests prior to death of the widow, though enjoyment was postponed until after her death.

In *Lane* v. *Corwin*, 63 Fed. (2d) 767; certiorari denied, 290 U. S. 644, the court, discussing vested and contingent remainders under New York laws, stated in part as follows:

   * * * Whether a given remainder is vested or contingent turns on testamentary intent, and, where the intention is that the distribution of the estate shall be postponed until a future time to persons then to be ascertained, it is contingent as distinguished from the instance in and where the ultimate takers are capable of identity at the date of death. *Matter of Baer*, 147 N. Y. 348, 41 N. E. 702; *Matter of Eickelberg's Estate*, 135 Misc. 581, 240 N. Y. S. 699. * * *

   The former Revenue Acts were either silent or provided that the value at the time of the acquisition of the property should be the basis. The Revenue Act of 1928 changed the law. *Brewster* v. *Gage*, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457. By it Congress substituted the date of decedent's death, and, to take care of situations to which the date of death seemed inapplicable, it added the date of distribution.

In the case of *Warner* v. *Commissioner*, 72 Fed. (2d) 225, affirming 28 B. T. A. 1178, the court, citing and discussing numerous cases (which makes it unnecessary to otherwise refer to them herein), said in part:

   * * * Moreover, the fact that the gift was to named persons rather than to a class the members of which might not be determined until the time when the future interest should vest in possession has generally been regarded as indicative of a vesting at the date of the testators death, especially when the income is payable during the pendency of the trust to the person prospectively entitled to receive the remainder. *Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 582; *Vanderpoel* v. *Loew*, 112 N. Y. 167. The rule that a direction in a will to divide and pay in future, without words of present gift, renders a bequest presumptively contingent is, at best, but a rule of construction and should not apply to a case where the objects of the testator's bounty are specifically named and there is no question of ascertaining who are the members of a class entitled to take at the time the trust terminates. Vesting at the testator's death is generally favored. (*McArthur* v. *Scott*, 113 U. S. 340) and the " divide and pay over " rule is only applicable in determining whether the right of persons to whom a testator has bequeathed his estate in remainder is transmissible in case of failure to survive the life tenant. It only helps in some cases to determine whether a remainder becomes indefeasibly vested at the date of the testator's death or at the termination of a trust or life estate. It has nothing to do with remainders that are vested subject to be divested by the happening of a condition subsequent.

See also *Isabel Richardson Molter*, 27 B. T. A. 442. Cf. *Elizabeth B. Wallace, Executrix*, 27 B. T. A. 902; *Daniel Tracy Beers*, 31 B. T. A. 117.

In the light of the authorities quoted and others cited, we will endeavor to make proper application of the principles enunciated in them and correctly determine the question in issue in the instant proceedings.

With respect to the "residue" of his estate, which included the real estate here involved, the testator devised none of it directly to his wife, his children or to their issue or to others, but all of it was devised to his executor *in trust*, the petitioner herein, for the use and benefit of certain named living persons or designated classes or individuals indicated or ascertainable from provisions of the will. Much of what has been said in petitioner's behalf has been based on cases involving outright remainders, while in the instant proceedings we are dealing with remainders *in trust*.

The trustee, petitioner herein, upon the death of the testator and due qualification, by virtue of the will, held the "residue" of the testator's estate in trust for the use and benefit of the widow, daughters, and remaindermen as set out in the various provisions of the will. The rule is well established that contingent remainders are not favored, and unless from the language of the instrument it is manifest that a contrary result was intended, the estate will be regarded as vested, and not contingent. 23 R. C. L., secs. 61, 62, pp. 521–523. Upon the death of the testator, the rights or interests of the daughters, Gertrude and Beatrice de Coppet, in the "residue" of the testator's estate were, in our opinion, definitely fixed and there was nothing which might occur during the period of the intermediate life of their mother that could operate to divest them of such interests, except their own deaths, which, of course, would not render an estate, previously vested, contingent. The death of the mother or widow did not terminate the trust created by the testator. Her life, we think, merely postponed the enjoyment of the vested rights of the daughters.

In our opinion there was "no distribution to the taxpayer" nor to any of the beneficiaries of the trust in the sense of the statute, when the trustee (taxpayer and petitioner here) simply received and held, subject to the terms of the trusts, the proceeds from the sale of a piece of property which had been held in trust since its receipt upon the death of the testator. What was said by the court in *Willcuts* v. *Ordway*, 19 Fed. (2d) 917, construing other and early statutes, nevertheless, may be appropriately repeated and here applied, to wit:

\* \* \* In each of these acts, the intent is that annual income to a particular beneficiary from a trust estate shall be taxed to him as a separate unit of taxation where that income is "distributed" to him. "Distribution," as there

used, does not necessarily mean passing into the uncontrolled possession and disposition of the beneficiary. It means separation and segregation from the trust estate so that it no longer forms any part or parcel thereof. The test set up by the statute is whether the income passes from the trust estate which produced it and ceases to be subject to the terms and control of *that trust.* \* \* \*

The increase in value of the property from $130,000 to $250,000 for which it was sold and the profit, $120,000, arising from its sale all occurred during the existence and execution of the trusts still in force and effect, the sale and receipt of proceeds by the trustee being in execution and continuance of the trusts. In our opinion, and we so hold, the trustee, under the circumstances herein shown, is a "taxable person" (see *Merchants' Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509), and, in view of the principles enunciated in authorities heretofore cited, we are further of the opinion and hold that the proper basis for determining the profit or loss upon the sale of the Park Avenue plot is its fair market value, $130,000, on October 6, 1920, the date of the death of the testator and the vesting of remainder interests, and that in each of the cases herein the determination of the deficiency in income tax for 1929 in the amount of $6,612.49 (stipulated to be correct on said basis) is properly taxable to petitioners.

*Judgment in each case will accordingly be entered for respondent.*