In the Matter of the Estate of ANTHONY N. BRADY, Deceased.

Surrogate's Court, Albany County, December 29, 1934.

*Larkin, Rathbone & Perry*, for the Central Hanover Bank and Trust Company, as sole surviving executor.

*Hornblower, Miller, Miller & Boston*, for Genevieve Garvan Brady.

*Richard O. Bassett*, special guardian for infants.

ROGAN, S. The construction of the " fourth " article of the last will and testament of Anthony N. Brady is before the court in this accounting proceeding under the following circumstances:

Anthony N. Brady, the testator, died in 1913 a resident of the county of Albany. His last will and testament was duly admitted to probate by this court, and letters testamentary thereon were duly issued to the executors named therein, Nicholas Frederic Brady, James Cox Brady and Central Trust Company of New York. Immediately after the issuance of such letters testamentary, said executors duly qualified and entered upon the discharge of their

duties. Nicholas Frederic Brady and James Cox Brady continued to act as such executors until the time of their respective deaths, and the Central Trust Company of New York has ever since acted, and is now acting as such executor under the name of Central Hanover Bank and Trust Company.

Article " fourth " in the will in question reads as follows:

" *Fourth*. I direct my executors and trustees hereinafter named to set aside from my personal estate interest or dividend paying securities sufficient to produce an annual income of one thousand dollars ($1,000.00) and if at any time during the life of Mrs. A. L. Farr, of No. 3913 Pine Grove Avenue, Chicago, Illinois, the income from the securities so set aside be reduced below said sum, to make up the deficiency by selling part of the capital, and I direct my executors and trustees to pay said annual income to Mrs. A. L. Farr in equal quarter-yearly payments during her life. At the death of Mrs. A. L. Farr, I direct that the securities, the income of which she has been receiving shall be divided equally between my issue, share and share alike *per stirpes*."

The death of the holder of the life estate, Mrs. A. L. Farr, occurred on January 3, 1934. The remainder over after the life estate, therefore, is the only matter in dispute.

The question presented to this court can be stated in two ways: Should the distribution of the property held to secure the payment of the annuity bequeathed to Mrs. A. L. Farr be made to the issue *per stirpes* and not *per capita* of Anthony N. Brady, (a) at the death of said Anthony N. Brady, or (b) at the time of the death of Mrs. A. L. Farr, deceased?

The intention of the testator may be shown by the manner in which he directs the division of a gift. Thus a direct devise or bequest of realty or personalty to a class subject to a precedent life estate, differs from a devise or bequest for life with the direction, express or implied, that at the death of the life tenant the property shall be divided or distributed among surviving members of the class. In the latter case the words of survivorship are presumed to refer to the happening of the latter event, which will render necessary the ascertainment of the members of the class who take. This rule, however, has many exceptions and is seldom alone relied upon (*Clark* v. *Cammon*, 160 N. Y. 315, 327), and is always subordinate to the primary rule of construction that the construction should follow the intent to be collected from the whole will, and that the intention of the testator so ascertained must prevail, and that general rules of construction must give way, when, on a consideration of the general scheme of the will, or of special clauses or provisions, their application would in particular cases defeat the

intention. (*Goebel* v. *Wolf*, 113 N. Y. 405; *Matter of Embree*, 9 App. Div. 602; affd., 154 N. Y. 778.)

Here we have an express provision of the will which seems to negative the claim that when the testator designated the " issue " he desired to favor on the death of the annuitant, Mrs. Farr, that persons answering such description at the time of his death were intended.

" Issue " must here be considered as the designation of a class which the testator desired to take effect after the death of the annuitant.

The will disposes of a very large estate aggregating nearly $80,000,000. As bearing upon the intention of the testator by the words which he has used, it must be borne in mind that the testator has provided generously for all of his children, and for the child of his deceased daughter. He apparently desired by other provisions of the will to effect an equality between them. Then again it must be noted that the testator did not provide that the annuitant was to receive the income from certain securities. His express purpose and desire was to provide an annuity of $1,000 for Mrs. Farr. To make this possible he directed his executors to set aside *sufficient* securities, and he provided a way in which these securities might be entirely disposed of during the life of the annuitant in the event the income fell below the amount stipulated. Having amply provided for his family, it would seem the testator apparently desired by the establishment of this fund that the first care be that this whole fund, if necessary, be devoted to Mrs. Farr. The situation seems to justify the belief that the testator was not greatly concerned about who had this particular fund, or what was left of it, after the death of Mrs. Farr. His intent, as I view it, was to have what was left at the death of the annuitant distributed among his issue, and that such issue be selected at the time of distribution. (*Teed* v. *Morton*, 60 N. Y. 506; *Matter of Farrier*, 138 Misc. 496; *Matter of Baer*, 147 N. Y. 348; *Matter of Bishop*, 126 Misc. 722.) " Where final division and distribution is to be made among a class, the benefits of a will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made." (*Matter of Baer, supra.*) " It is a general rule of construction that a future and contingent devise or bequest to a class takes effect on the happening of the contingency on which the limitation depends only in favor of those objects who at the time come within the description." (*Matter of Allen*, 151 N. Y. 243; *Teed* v. *Morton, supra.*)

In the case at bar there are no words of gift, but a direction to divide. " Where the only gift is found in a direction to divide or

pay at a future time, the gift is future and not immediate; contingent and not vested." (*Matter of Crane*, 164 N. Y. 71.)

In such cases it is said that " futurity is annexed to the substance of the gift," and that by this an intention to postpone final determination of the membership of the class until the time of distribution is evidenced. This rule has been closely followed even where the classes defined are " heirs," " next of kin," " descendants " or " issue."

The " divide and pay over " rule has been affirmed in *Teed* v. *Morton* (*supra*); *Smith* v. *Edwards* (88 N. Y. 92); *Delaney* v. *McCormack* (Id. 174); *Delafield* v. *Shipman* (103 id. 463); *Warner* v. *Durant* (76 id. 133, 136); *Salter* v. *Drowne* (205 id. 204); *Matter of Pulis* (220 id. 196), and numerous other cases.

There is no language in the will susceptible of a construction that will avoid the " divide and pay over " rule.

In view of the provisions of article " fourth " of said last will and testament of decedent, I hold and decide that distribution of the property remaining in the hands of the petitioner, in so far as same is not required to secure the payment of the annuity bequeathed in article " fifth " of said last will and testament to Mrs. F. C. Burton, should be made to the issue *per stirpes* of said Anthony N. Brady who were living at the time of the death of the annuitant, Mrs. A. L. Farr, and that an equal one-fifth share of said cash and securities is distributable to and among each of the following:

1. James C. Brady, Jr., Jane Hamilton Brady Moseley, Ruth Brady Scott, Victoria M. P. Brady and Genevieve Brady, children of James Cox Brady, deceased, living at the time of the death of said annuitant.

2. Margaret Ruth Brady Farrell, a daughter of said Anthony N. Brady, deceased.

3. Mabel Brady Garvan, a daughter of said Anthony N. Brady, deceased.

4. Marcia Myers Brady Tucker, a daughter of said Anthony N. Brady, deceased.

5. Marcia Ann Gavit Jackson, a granddaughter of said Anthony N. Brady, deceased, and the only child of Flora Myers Brady Gavit, a daughter of Anthony N. Brady, deceased, who predeceased her father.

Decree may be entered in accordance with this decision.