In the Matter of the Accounting of RICHARD STRIEGEL et al., as Executors of ANNA GUERING, Deceased.

Surrogate's Court, Queens County, June 11, 1954.

*Morton L. Reed* for executors, petitioners.

*Hennings & O'Farrell* for Ruth Toci and another.

*Charles D. Purtzmann, Jr.,* special guardian for Wolfgang Schatzle and others, infants, and others.

SAVARESE, S. The executors have sought the counsel of this court to ascertain whether brothers and sisters of the half blood, or their representative, if they had predeceased testatrix, are entitled to share in a gift of the residue " to be divided equally amongst my brothers and sisters."

It would appear that there is no appellate authority squarely on this question within the State of New York. However, as a matter of common construction, in the absence of an expression of intention to the contrary, a testamentary phrase will be given the same meaning as ascribed to it under the laws of descent and distribution. (*Matter of Kane,* 159 N. Y. S. 992; see Decedent Estate Law, § 83, subd. 11.) Whatever the rule at common law, the modern tendency to include siblings of the half blood in a gift to brothers and sisters is clear. (*Yetter's Estate,* 160 Pa. 506; Thompson on Wills [3d ed.], 1947, § 283; Page on Wills [3d ed.], Vol. 3, 1941, § 1031.)

The gift to the brothers and sisters is a gift to a class. (*Matter of King,* 200 N. Y. 189.) Therefore, only those comprising the class at the date of decedent's death can take, *Matter of Baer* (147 N. Y. 348), section 29 of the Decedent Estate Law notwithstanding. (*Pimel* v. *Betjemann,* 183 N. Y. 194; *Matter of Agrella,* 175 Misc. 456; *Matter of Stebbins-Vallois,* 99 N. Y. S. 2d 402; *Matter of Clavin,* 120 N. Y. S. 2d 659.)

The gift to the brothers and sisters is to be divided in equal shares amongst those siblings of decedent of the whole or half blood who survived her.

The request for counsel fees set forth in schedule C-1 of the account is fixed and allowed in the sum requested. Account settled. Proceed accordingly.