S. Samuel Di Falco, S.
In this proceeding brought by the trustee for construction of decedent’s will, the court is requested to determine the meaning and effect of paragraph Seventh of such will which reads as follows :1 ‘ seventh : I give and bequeath to my trustee hereinafter named, in trust, nevertheless, the sum *675 of Five Thousand Dollars ($5,000.) to take, receive and hold the ¡Same during the full term of the natural life of my nephew charles de florez, son of my late brother Rafael de Florez, and during such period to collect and receive the rents, income and profits thereof and apply the same each year in equal quarterly payments to his use free from the interference or control of any persons, and upon the death of my said nephew I give and bequeath said sum of Five Thousand Dollars ($5,000.) to my issue in equal shares per stirpes, or in default of issue to my heirs at law. ’ ’
The decedent died survived by his daughters Mercedes de Florez and Maria Luisa de Florez Millard. Mercedes died on March 20, 1936 and left no issue; Maria died on July 11, 1951 and left her surviving two daughters and one son. The life beneficiary Charles de Florez died on November 21, 1959.
The remainder to take effect upon the death of the income beneficiary is bequeathed to issue. This gift to issue is a gift to a class and the persons constituting that class cannot be determined until the death of the income beneficiary. It has been held consistently that title to such gift does not vest until the preceding estate has terminated and the time for distribution to the persons constituting the class has arrived. As a consequence the right to share in such a distribution is contingent upon survival of the trust term (Matter of Baer, 147 N. Y. 348, 353).
In the cited case it was said at page 353: ‘ ‘ Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made. ’ ’
Accordingly it is held that the remainder of this trust is distributable to the three children of decedent’s daughter Maria Luisa de Florez Millard as his sole heirs at law. Submit decree construing the will accordingly.