Jerome B. E. Wolfe, J.
The executor has brought a proceeding to determine the construction or effect of paragraph “ second ” of the will of Ralph B. Robbins- which reads as follows: “ I give, devise and bequeath one-half of my estate to my mother, Frances Robbins of 220 Grlen Avenue, Blooms-burg, Pennsylvania or if she should predecease me then to my siblings in equal shares.”
The background concerning the deceased is as follows: The decedent, Ralph B. Robbins, was the son of Frances Burke born *492 on August 25, 1907. Thereafter, Frances Burke on February 8, 1908 married one Mitchell Bobbins. The deceased was never adopted by Mitchell Bobbins but assumed the name Bobbins, Mitchell Bobbins not being the natural father.
The only issue from the marriage of Frances Burke and Mitchell Bobbins were John H. Bobbins, Irene H. Long and Augustus F. Bobbins. The testator married Eleanor Albertson on June 29, 1929, and Balph M. Bobbins was the only issue of that marriage.
The contention of Balph M. Bobbins, the only child of the decedent, is that since the mother of the decedent, Frances Bobbins, predeceased the testator, that he should inherit one half of the estate pursuant to paragraph “ second ” since the testator was illegitimate and had no siblings.
The contention of John H. Bobbins and Augustus F. Bobbins and Irene H. Long is that they are the half brothers and half sister of the decedent and that they would inherit by virtue of the wording in the second paragraph, in that, they are the 1 ‘ siblings ’ ’ of the decedent and, furthermore, they would inherit by virtue of having a common mother with the decedent.
EPTL L-1.2 (subd. [b]) reads in part as follows: “If an illegitimate child dies, his surviving spouse, issue, mother, maternal kindred and father inherit ’ ’. Concededly, if the decedent dies intestate, his half brothers and sister would be considered as maternal kindred and would be entitled to inherit with the exception that the son, Balph M. -Bobbins, being the only issue of the decedent would have a prior right of inheritance.
The question of half brothers and sisters and brothers and sisters of the whole blood has been disposed of by EPTL 4-1.1 (subd. [d]) since now they are all considered of the same class.
In order to determine the disposition of the estate relative to paragraph “ second ” of the will, it is necessary to interpret the phraseology of that portion, ‘ ‘ then to my siblings in equal shares.” This is a case of the first instance in which the word “ siblings ” has been used in a will.
The word, “ sibling” has been defined as, “ one of two or more persons who have the same parents but not necessarily of the same birth; ” or “ one of two or more persons having one common parent ”. (Webster’s Third New International Dictionary Unabridged, p. 2110.) The word siblings has been used in various psychiatric reports and studies to describe generally the relationship between brothers and sisters.
*493 In the case of Matter of Guering (206 Misc. 850) the Surrogate in his decision used the word “ siblings ” to describe brothers and sisters of half blood and with the brothers and sisters of the whole blood. Furthermore, the wording of the paragraph “ second ” is not, in the singular vein, but in the plural, in that, “ sibling ” is used in the plural and in turn, the phraseology, ‘ ‘ in equal shares ’ ’ buttresses the fact that the testator intended his brothers and sister.
At the time of the execution of the will, the testator’s only issue was his son, Ralph M. Robbins. His son is not mentioned in the will whatsoever. The other half of the estate was bequeathed to a friend.
The will was drawn by an attorney, and not by a lay person.
A testator conferring with an attorney draftsman as to the disposition of his estate and the persons to whom he wished bequeathed or devised portions of his estate, would not be, as a rule, cognizant of the meaning of various technical and legalistic words or phrases. The attorney used phraseology in paragraph 1 ‘ second ’ ’ which does not present any ambiguity or vagueness and expresses the intention of the testator. (Cf. Master of Leach, 14 A D 2d 937.)
Therefore, the court finds, pursuant to paragraph “ second ” of the will, John H. Robbins, Augustus F. Robbins, and Irene H. Long would inherit one half of the estate.