Otto C. Jaeger, S.
Incident to this trustee’s accounting, the court is asked to construe decedent’s will dated March 7, 1929, particularly article “ fourth (a) ” thereof which reads: “ The first residuary portion I direct my trustees hereinafter named and their successor to invest and keep invested and to collect, the rents, income and profits thereof, and to pay over the net income arising therefrom to my wife, dorothy gisela hylin, until her remarriage or her death, whichever shall first occur, and upon such remarriage or death I direct my trustees and their successor to pay over the principal of such trust fund to my issue, per stirpes and not per capita, and in default of such issue I direct that the principal of such first residuary portion shall be paid over and distributed in equal shares to and among *688 my brother, per uno albert hylin, and my sisters, elsa lindquister and karin marget hylin. If at the time of the death of my wife, or, in the event of her remarriage, at the time of such remarriage, my brother or either of my sisters shall have died leaving issue then surviving, then I direct that the share of such deceased brother or sister shall be paid over to such issue, per' stirpes and not per capita"; in the event that my brother or either of my sisters should predecease my said wife, or, in the event of her remarriage, should die before the date of such remarriage, and should not leave issue him or her then surviving, then and in either of those events I direct that the share of such deceased brother or sister shall be divided equally among the surviving sisters or brother, as the case may be, and the issue of any deceased sister or brother, said issue to take their parents’ share collectively per stirpes and not per capita. ’ ’
Decedent died August 21, 1935 survived by a son who died intestate without issue on December 11,1944. Decedent’s widow, the income beneficiary of the trust, died January 8, 1970. Decedent’s brother died in 1937 survived by three children all of whom are alive. Decedent’s sister, Elsa, died in 1940 survived by a son who is alive. Decedent’s sister, Karin, died in 1950 without issue.
The court is called upon to determine who takes the trust remainder. This necessarily requires a determination of whether decedent’s son had a vested remainder or a remainder contingent on his surviving the income beneficiary.
Here the gift of the remainder is to a class, i.e., “ to my issue, per stirpes and not per capita ’ ’ with a gift over ‘ ‘ in default of such issue ”. In the case of such a class gift the persons constituting the class will be determined at the time of distribution or division. ‘ ‘ Where final division and distribution is to be made among a class the benefits of the will must be confined to those persons who come within the appropriate category at the date when the distribution or division is directed to be made.” (Matter of Baer, 147 N. Y. 348, 353; see, also, Matter of de Florez, 27 Misc 2d 674).
Further analysis of testator’s language fortifies a determination here that survival of the life beneficiary is a prerequisite to participation in the remainder. There is a provision for paying over to decedent’s brother and two sisters “in default of such issue ”, This is followed by a specific reference as to time by the words “if at the time of the death of my wife * * * my brother or either of my sisters shall have died leaving issue then surviving, then I direct ”. (Emphasis added.)
*689 The testator also related to the time of his wife’s death the alternate disposition of the trust remainder in case his brother or either of his sisters left no issue. Thus the testator clearly indicated that the identity of the remaindermen should be ascertained upon his wife’s death.
Accordingly the court determines that each of the three children of decedent’s brother is entitled to one sixth of the trust remainder. The son of decedent’s sister, Elsa, is entitled to the remaining one half of the remainder subject, however, to the outstanding assignments and reassignments listed in the account, which, in the absence of any objections, are presumed to be valid.
Attorneys’ fees will be allowed in the amount requested for all legal services rendered and to be rendered, to and including the settlement of the decree to be made herein and distribution thereunder.